IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWNA PARKER-DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 04-1267<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM ORDER

CONTI, J.

*Introduction*

This is an appeal from the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying the claim of Shawna Parker-Davis ("plaintiff") for Supplemental Social Security ("SSI") under Title XVI of the Social Security Act ("SSA"), 42 U.S.C. §1381, *et seq.*

Plaintiff claims that the decision of the administrative law judge ("ALJ"), dated April 30, 2004, should be reversed because the decision regarding her mental health is not supported by the substantial evidence, or that this matter should be remanded for a discussion of omitted evidence. Defendant asserts that the decision of the ALJ is supported b substantial evidence, and that the ALJ appropriately considered all pertinent evidence. The parties filed cross-motions for summary judgment pursuant to Rule 56(c) of the Feder3al Rules of Civil Procedure.

The Court will remand the case for further proceedings.

### *Procedural History*

Plaintiff filed a claim for SSI on February 7, 2003, alleging disability due to, inter alia, depression and anxiety, as well as neck, back, and leg injuries. (R. at 72). Plaintiff requested and received a hearing before an ALJ on February 19, 2004. (R. at 14). In a decision dated April 30, 2004, the ALJ determined that plaintiff was not entitled to benefits. Plaintiff timely requested a review of that determination, and the Appeals Council denied her request for review by letter dated July 8, 2004. (R. at 6-8).

Plaintiff subsequently commenced the present action seeking judicial review. Notably, plaintiff does not appeal the Commissioner's determinations regarding her physical symptoms; this appeal is limited to issues surrounding her alleged mental disability.

### *Legal Standard*

The Congress of the United States provides for judicial review of the Commissioner's denial of a claimant's benefits. 42 U.S.C. § 405(g). The court must determine whether there is substantial evidence that supports the findings of the Commissioner. Id. "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F. 3d 900, 901 (3d Cir. 1995). This deferential standard has been referred to as "less than a preponderance of the evidence but more than a scintilla." Burns v. Barnhart, 312 F. 3d 113, 118 (3d Cir. 2003).

This standard, however, does not permit the court to substitute its own conclusions for those of the factfinder. Id. "I may not undertake *de novo* review of the Commissioner's decision, nor may I reweigh the evidence presented to the ALJ." Weber v. Barnhart, No. 05-1589, 2005 U.S. Dist. LEXIS 26137, at *3  (E.D. Pa. Oct. 28, 2005). Instead, the court is obligated to uphold the decision of the ALJ if it is supported by substantial evidence. Id.

*Discussion*

Under Title XVI of the SSA, a disability is defined as the inability "to engage in any substantial gainful activity buy reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period not less than twelve months. " 42 U.S.C. §1382c(a)(3)(A).  A person is unable to engage in substantial gainful activity when "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  Id. at §1382c(a)(3)(B).

The Commissioner applies a five-step sequential evaluation in order to make a disability determination under the SSA.  20 C.F.R. §416.920.   If the claimant fails to meet the burden of proving the requirements in the first four steps, the ALJ may find that the plaintiff is not disabled.  Burns, 312 F.3d at 119.  The Commissioner is charged with the burden of proof with respect to the fifth step in the evaluation process.  Id.  The fifth step asks whether the claimant can perform any other work which exists in the national economy in light of her age, education, work experience, and residual functional capacity.  20 C.F.R . §§404, 1520, 416.920; Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000).

In the instant case, the ALJ found plaintiff not disabled at the fifth step in the evaluation. The ALJ found that plaintiff had the residual functional capacity to perform certain work that exists in significant numbers in the national economy.  Plaintiff argues that in rendering his decision, the ALJ erred in failing to consider, or explain his rejection of, certain medical evidence.   The court agrees.

Certainly, the ALJ is not required to make reference to every single piece of relevant evidence in the record. Fargnoli v. Halter, 247 F. 3d 34, 42 (2001).[1] In light of conflicting evidence, however, the ALJ should explain why he is accepting one piece and rejecting another. "Where there is conflicting probative evidence in the record, we recognize a particularly acute need for an explanation of the reasoning behind the ALJ's conclusions, and will vacate or remand such a case where such an explanation is not provided." Id. The reviewing court must be able to ascertain whether "significant probative evidence was not credited or simply ignored." Id. Moreover, a treating source's opinion receives "substantial and at times even controlling weight." Id. at 43. In terms of the weight afforded such a source, it is significant if the report is the most recent medical evidence in the record. See Winters v. Barnhart, No. 05-1854, 2005 U.S. App. LEXIS 23791, at *9 (3d Cir. Nov. 3, 2005); Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985).[2]

Here, the ALJ failed to account for certain conflicting evidence that would seem central to his conclusions regarding plaintiff's improved condition and the effectiveness of her medications. For example, Ram Kalyanam, M.D., treated plaintiff in 2003 and 2004, and therefore he is the most recent treating physician reflected in the record. (R. at 383-408). The ALJ noted that Dr. Kalyanam observed improvement with medication, and that plaintiff reported

---

[1]The ALJ must, however, consider all pertinent evidence of record. Balanian v. Barnhart, No. 03-5352, 2005 U.S. Dist. LEXIS 26233 at *3 (E.D. Pa. Nov. 1, 2005). Plaintiff suggests that evidence relating to her 2002 application for benefits, which apparently was denied, should not have been considered. The ALJ, however, did not err in that regard. The evidence was placed in the record, and plaintiff alleged an onset date of June 19, 2001. (R. at 72).

[2]Similarly, defendant refers to reports from Western Psychiatric Institute regarding stabilization of plaintiff's anxiety and depression–i.e., that plaintiff reported no increase in symptoms. (R. at 384). That note appears in a report authored by Lydia Lechliter, M.S.Ed., whose statements the ALJ accorded little weight pursuant to SSR 96-2p. Ms. Lechliter also opined that plaintiff was unable to work. (R. at 409).

feeling more motivated, smiled and laughed appropriately, and made good eye contact. (R. at 20). He did not, however, mention that Dr. Kalyanam stated, in the same report, that stressors had "eliminated" the improvement, that plaintiff reported increased worrying, and that "would-be improvements [from medication] were not sustained." (R. at 390).

Indeed, other than mentioning that Dr. Kalyanam continues to monitor plaintiff's medications, and suggests their continued use in conjunction with therapy, there is no further reference to this physician's reports. (R. at 20). It is not clear why the ALJ relied on the positive aspects of Dr. Kalyanam's reports, while discounting or ignoring the negative. This internal conflict should be discussed.

In addition, the ALJ refers to plaintiff's Global Assessment of Functioning ("GAF") score of "around 61" in 2002, as assigned by Marvin Wheeler, Ph. D., who evaluated plaintiff once at the state agency's request. (R. at 18). The ALJ does not, however, refer to her lower GAF scores of 40 and 50, as assigned by Dr. Kalyanam in 2003. (R. at 398, 407). A GAF score between 41 and 50 indicates "serious" symptoms or impairments in social, occupational, or school functioning. Torres v. Barnhart, 139 Fed. Appx. 411, 415 n. 4 (3d Cir. 2005). A GAF score of 60, on the other hand, indicates only moderate impairments. Morris v. Barnhart, 78 Fed. Appx. 820, 824 (3d Cir. 2003). If the ALJ found the 2002 GAF score probative, then he should likewise discuss the later and lower GAF scores.

The aforementioned evidence certainly may not be sufficient to alter the ALJ's ultimate conclusions, when weighed against the remainder of the record. Whether the evidence is sufficient to support a particular conclusion, however, is for the ALJ to determine. The court will, therefore, remand this matter to the ALJ for further proceedings consistent with this opinion.

5

As a final matter, plaintiff claims that the omissions discussed above resulted in an inappropriate hypothetical question posed to the vocational expert. At this point, that kind of a determination should be considered on remand. The ALJ will have the opportunity to consider whether the weight of the vocational expert's testimony, and any conclusions based thereon, are affected by further proceedings consistent with this opinion.

## Conclusion

Based on the evidence of record, the parties' arguments, and supporting documents filed in support of an in opposition thereto, this court concludes that the decision of the ALJ should be reversed and the matter remanded for proceedings consistent with this opinion.

Therefore, plaintiff's Motion for Summary Judgment (Docket No. 7) is **GRANTED in part**, as stated herein, and this case shall be remanded to the Commissioner for further proceedings consistent with this opinion. Defendant's Motion for Summary Judgment (Docket No. 8) is **DENIED**.

The clerk shall mark this case as closed.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
U.S. District Judge

Dated: January 25, 2006

cc: counsel of record